UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HECTOR L. MANGUAL,<br>Plaintiff | )<br>)<br>)<br>) |  |
| v. | )<br>) | C.A. No. 15-40017-TSH |
| CITY OF WORCESTER, MATTHEW EARLY, MICHAEL HANLON, and KELLEN SMITH,<br>Defendants | )<br>)<br>)<br>)<br>)<br>) |  |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Now come the Defendants, City of Worcester (City), Matthew Early, Michael Hanlon and Kellen Smith (collectively, Defendants), and hereby move this Court, pursuant to Fed. R. Civ. P. Rule 56(a), to grant summary judgment in their favor.

Plaintiff Hector Mangual's (Plaintiff or Mangual) Amended Complaint stems from his arrest on October 24, 2011, by detectives of the Worcester Police Department (WPD) Vice Squad at Main Street and Sycamore Street in Worcester, Massachusetts, and a subsequent strip search at the WPD headquarters from which approximately five grams of heroin were recovered. As a result of Mangual's arrest and search, he was charged in Worcester Superior Court, and pled guilty to Carrying a Dangerous Weapon, Possession of Class A (heroin) with the Intent to Distribute, Resisting Arrest and Disturbing the Peace.  Notwithstanding Mangual's guilty pleas, the Plaintiff filed a civil action which set forth a number of federal and state civil rights and state statutory and common law claims alleging an unlawful search and seizure of Mangual at the scene of his arrest and at WPD headquarters.  Specifically, Plaintiff's Amended Complaint sets forth the following claims against the Defendants: unspecified civil rights violations (42 U.S.C. §

1983) (Count VI); supervisory/<u>Monell</u> violations (42 U.S.C. § 1983) (Count VII); (G. L. c. 12, §§ 11H to 11J) (Count I); Massachusetts Privacy Act violations (G. L. c. 214, § 1B) (Count II); conspiracy (Count III); assault and battery/sexual assault and battery (Count IV); and intentional infliction of emotional distress (Count V). (Plaintiff's Amended Complaint, Doc. 70-1).

First, Plaintiff's Amended Complaint asserting federal civil rights violations, state civil rights violations and state statutory and common law claims arising out of an alleged unlawful search at WPD headquarters cannot survive summary judgment, as a matter of law, as Plaintiff cannot collaterally attack the disposition of his criminal case through this civil suit, as established by <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).  Plaintiff's federal and state law claims asserting that he was subjected to an alleged unlawful search at WPD headquarters cannot proceed in this civil action as a judgment in his favor in the civil case would necessarily imply the invalidity of his criminal conviction for possession of Class A (heroin) with the intent to distribute.  Thus, pursuant to <u>Heck</u>, one cannot collaterally attack a criminal conviction through a civil case, and Plaintiff's claims are barred.

Second, Plaintiff's claim in the Amended Complaint asserting federal civil rights violations, state civil rights violations and state statutory and common law claims arising out an alleged unlawful search at WPD headquarters are also barred by the doctrine of judicial estoppel. Where the Plaintiff pled guilty in his criminal matter in Worcester Superior Court, the Plaintiff cannot now assert a civil claim for an unlawful search as it is wholly inconsistent with his previous plea.

Third, Plaintiff has no reasonable expectation of proving any allegations that arise from the scene of Plaintiff's arrest.  Plaintiff has produced no evidence to support his alleged claims of being subjected to strip search, or unnecessary force, at the scene of his arrest, and, as such,

cannot proceed to trial by creating and relying upon an issues of fact based solely on his wholly conclusory and unsupported allegations.

Lastly, Plaintiff has not pled a sufficient claim, nor does he have a reasonable expectation establishing the essential elements of Count VII, his supervisory/Monell claim against the City, pursuant to 42 U.S.C. § 1983.  As threshold matter, Plaintiff cannot prove an underlying constitutional violation against the Defendants, and, as such, the City cannot be liable pursuant to section 1983 for Plaintiff's supervisory/Monell claim.  Moreover, Plaintiff does not state a substantive right that forms the basis for his § 1983 claim, and the statute is not a stand-alone vehicle for a cause of action for constitutional violations.  Further, Plaintiff does not allege, and cannot prove, that there is evidence of misconduct or discipline, prior to his October 24, 2011, arrest, on the part of Defendant police officers.  General allegations of misconduct on the part of the WPD will not suffice to establish the requisite causal link for supervisory liability. Therefore, Plaintiff's supervisory claim fails as a matter of law.

In further support of this motion, Defendants refer the Court to their Memorandum of Law, filed herewith.

WHEREFORE, Defendants, City of Worcester, Matthew Early, Michael Hanlon and Kellen Smith, hereby move this court for summary judgment in their favor as to all counts.

        CITY OF WORCESTER
        MATTHEW EARLY
        MICHAEL HANLON &
        KELLEN SMITH

        By their attorneys,

        David M. Moore
        City Solicitor

        */s/ Kevin M. Gould*
        Kevin M. Gould (BBO#661545)
        Wendy L. Quinn (BBO#653954)
        Assistant City Solicitors
        City Hall, Room 301
        455 Main Street
        Worcester, MA  01608
        (508) 799-1161
        gouldk@worcesterma.gov
        quinnwl@worcesterma.gov

## CERTIFICATE OF LOCAL RULE 7.1 CONFERENCE

I, the undersigned, hereby certify that I conferred with Plaintiff's counsel in a good faith attempt to resolve or narrow the issues presented by this Motion.

        */s/ Kevin M. Gould*
        Kevin M. Gould
        Assistant City Solicitor

## CERTIFICATE OF SERVICE

I, Kevin M. Gould, hereby certify that on this 24th day of May, 2017, I served the within Defendants' Motion for Summary Judgment, upon Plaintiff by providing a copy of the same to Plaintiff's counsel of record via the United States District Court's electronic notification system.

        */s/ Kevin M. Gould*
        Kevin M. Gould
        Assistant City Solicitor